UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 07-cr-20535
    Hon. Matthew F. Leitman

ADARUS MAZIO BLACK,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S RENEWED MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (ECF No. 323)

Defendant Adarus Mazio Black is a federal prisoner in the custody of the Federal Bureau of Prisons. "In 2009, separate juries convicted Black of conspiracy to possess with intent to distribute and to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and escape or attempted escape from federal custody, in violation of 18 U.S.C. § 751(a)." *United States v. Black*, Case No. 20-1173, at 1 (6th Cir. Oct. 22, 2020).[1] At sentencing, another Judge of this Court determined that Black had a "total offense level of 46 and a criminal history category of IV." *Id.* And that Judge "sentenced Black to life imprisonment on the drug charge and a consecutive twenty-four month term of imprisonment on the escape charge." *Id.* at 2. Black appealed both his convictions and sentence to the

---

[1] This order from the United States Court of Appeals for the Sixth Circuit can be found at ECF No. 321 in this action.

United States Court of Appeals for the Sixth Circuit, and that court affirmed. *See United States v. Black*, 465 F. App'x 510 (6th Cir. 2010).

In 2019, Black filed a motion for a sentence reduction in this Court pursuant to 18 U.S.C. § 3582(c)(2) (the "First Motion"). (*See* First Mot., ECF No. 308.) In the First Motion, Black argued, among other things, that he was entitled to a sentence reduction based on (1) Amendment 782 to the United States Sentencing Guidelines, which Black argued required a reduction in his base offense level and (2) his post-sentencing rehabilitation. (*See id.*) Another Judge of this Court denied the First Motion on February 10, 2020. (*See* Order, ECF No. 318.) That Judge explained that while "Amendment 782 entitle[d] Black to a two-level offense reduction," that reduction did "not alter the enhancements for his role in the offense, his firearms use, and his obstruction of justice." (*Id.*, PageID.6906.) The Judge therefore held that Black's guidelines range, as amended, was still life imprisonment, and that Black was not entitled to a sentence below that range. (*Id.*) Black appealed that decision, and the Sixth Circuit affirmed. *See United States v. Black*, Case No. 20-1173 (6th Cir. Oct. 22, 2020).

Black has now filed a "Renewed Motion … For a Sentence Reduction Pursuant to Amendment 782[] and 17 U.S.C. [§] 3582(c)(2)" (the "Renewed Motion") (Renewed Mot., ECF No. 323.) In the Renewed Motion, Black again asks the Court to reduce his sentence based on Amendment 782 and based on his post-

2

incarceration rehabilitation. (*See id.*) In large part, Black repeats the same arguments that he made in the First Motion. Indeed, the Renewed Motion is taken almost entirely verbatim from the brief that Black filed when he appealed the denial of the First Motion. (*Compare id.* with *United States v. Black*, Case No. 20-1173 at Dkt. 6-1 (6th Cir. Mar. 16, 2020).) The Sixth Circuit's ruling rejecting the identical arguments that Black makes in the Renewed Motion represents the "law of the case" and compels the denial of the Renewed Motion. *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016) (explaining that the "law of the case" doctrine "mandates that the district court adhere to rulings of the appellate court issued earlier in the case," and holding that appellate court's earlier ruling that defendant was a career offender "was binding on the district court and precluded [the defendant] from obtaining a reduction in his sentence under § 3582(c)(2)"). Moreover, to the extent that Black raises additional arguments in the Renewed Motion, those arguments do not persuade the Court that he is entitled to relief for all of the reasons explained in the Government's response. (*See* Resp., ECF No. 324, PageID.7009-7013.)

For all of these reasons, and all of the reasons explained by another Judge of this Court and the Sixth Circuit when Black was denied relief on the First Motion, **IT IS HEREBY ORDERED** that the Renewed Motion (ECF No. 323) is **DENIED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: April 1, 2021

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 1, 2021, by electronic means and/or ordinary mail.

                                        s/Holly A. Monda  
                                        Case Manager  
                                        (810) 341-9764