UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ADARUS MAZIO BLACK,

    Defendant.

                                                                /

Case No. 07-cr-20535
Hon. Matthew F. Leitman

## ORDER DENYING DEFENDANT'S
## MOTION FOR COMPASSIONATE RELEASE (ECF No. 325)

Defendant Adarus Mazio Black is a federal prisoner in the custody of the Federal Bureau of Prisons. "In 2009, separate juries convicted Black of conspiracy to possess with intent to distribute and to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and escape or attempted escape from federal custody, in violation of 18 U.S.C. § 751(a)." *United States v. Black*, Case No. 20-1173, at 1 (6th Cir. Oct. 22, 2020).[1]  At sentencing, another Judge of this Court "sentenced Black to life imprisonment on the drug charge and a consecutive twenty-four month term of imprisonment on the escape charge." *Id.* at 2.  Black appealed both his convictions and sentence to the United States Court of Appeals for

---

[1] This order from the United States Court of Appeals for the Sixth Circuit can be found at ECF No. 321 in this action.

1

the Sixth Circuit, and that court affirmed. *See United States v. Black*, 465 F. App'x 510 (6th Cir. 2010).

On March 29, 2021, Black filed a motion for compassionate release from custody pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Mot., ECF No. 325.) The Court thereafter appointed counsel for Black (*see* Order, ECF No. 326), and on October 18, 2021, counsel filed a supplemental brief on Black's behalf. (*See* Black Supp. Br., ECF No. 356.) Black moves for compassionate release based almost entirely on the risk that he says he faces from the COVID-19 virus while in custody. More specifically, Black says that "extraordinary and compelling" reasons justify his release because he suffers from the sickle-cell trait, and "suffering from the sickle-cell trait increase[s] his odds of contracting COVID-19 and suffering from severe illness or death" were he to contract the virus. (*Id.*, PageID.7675.) Black further contends that the factors in 18 U.S.C. § 3553(a) support his release. (*See id.*, PageID.7679-7683.) The Government opposes Black's motion. (*See* Gvt. Brs., ECF Nos. 330, 359.)

The Court has carefully reviewed Black's motion and supplemental brief and declines to grant him compassionate release. As the United States Court of Appeals for the Sixth Circuit recently recognized, "when [a prisoner] has access to the COVID-19 vaccine," the prisoner's potential exposure to the virus while in custody "does not present an extraordinary and compelling reason warranting" release.

*United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). *See also United States v. Traylor*, --- F.4th ---, 2021 WL 5045703, at *1 (6th Cir. Nov. 1, 2021) (holding district court did not abuse its discretion when it denied a motion for compassionate release based on prisoner's underlying health conditions where defendant had been fully vaccinated against COVID-19). Here, Black contracted COVID-19 in 2020 and received both doses of the Moderna COVID-19 vaccine in early 2021. (*See* Black Supp. Br., ECF No. 356, PageID.7678; Black Vaccination Record, ECF No. 333-6.) Thus, because Black has been fully vaccinated against the COVID-19 virus, his potential exposure to the virus while in custody "does not present an extraordinary and compelling reason warranting" his release. *Lemons*, 15 F.4th at 751.

In addition, for all of the reasons explained by the Government in its briefs (*see, e.g.*, Gvt. Br., ECF No. 330, PageID.7191-7195; Gvt. Supp. Br., ECF No. 359, PageID.7868-7884), the Section 3553(a) factors also weigh heavily against releasing Black from custody. The Court commends Black for his hard work on rehabilitation while in custody, and it acknowledges that it appears he has strong family support. However, as the Government points out, his crimes here were very serious and releasing him from custody now would be insufficient punishment for those crimes. (*See id.*) In addition, for the reasons explained by the Government, Black's release

could pose a danger to the community. (*See id.*) In sum, the balance of the Section 3553(a) factors do not support releasing Black from custody.

Therefore, for all of the reasons explained above, Black's motion for compassionate release (ECF No. 325) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 5, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 5, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764