UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                      Case No. 07-cr-20535
                                      Hon. Matthew F. Leitman

ADARUS MAZIO BLACK,

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO TRANSCRIBE 12/03/21 HEARING (ECF No. 372)

Defendant Adarus Mazio Black is a federal prisoner in the custody of the Federal Bureau of Prisons. On November 5, 2021, this Court denied Black's motion for compassionate release. (*See* Order, ECF No. 361.) Black has now appealed the Court's ruling. (*See* Notice of Appeal, ECF No. 365.)

On November 15, 2021, Black filed a *pro se* motion in which he (1) requested the appointment of new counsel on appeal; and (2) asked the Court to seal letters of support that had been submitted on his behalf in relation to Black's motion for compassionate release because those letters included personal identifying information. (*See* Mot., ECF No. 364.)

1

The Court held an on-the-record video status conference regarding that motion with on December 3, 2021.[1] Black was not present, but his then-appointed counsel was. The Court thereafter issued an order (1) denying without prejudice Black's request for the appointment of counsel and directing Black to submit any request for the appointment of appellate counsel to the Sixth Circuit; and (2) granting Black's request to seal the letters submitted in support of his motion for compassionate release. (*See* Order, ECF No. 371.)

On December 15, 2021, Black filed *pro se* the instant motion requesting a transcription of the December 3, 2021 status conference. (*See* Mot., ECF No. 372.) Black notes that he was not present at that status conference. He argues that it is his "[r]ight to be a part of [a]ny hearing that concerns" him, and therefore he is entitled to a transcription of that status conference. (*Id.*, PageID.8133.)

The Court will deny Black's motion. First, Black has not provided any reason why he needs the requested transcript. Next, Black is not entitled as a matter of right to be at all status conferences that occur after his conviction became finalized and original proceedings concluded in this Court. *See Kentucky v. Stincer*, 482, U.S. 730, 745 (1987). The issues discussed at the status conference at issue did not bear on

---

[1] The Court's prior order states that this status conference was held on November 30, 2021. That is a slight mistake – November 30, 2021 was the date on which this Court noticed the status conference. (Notice to Appear, ECF No. 368.) The docket reflects that the status conference took place on December 3, 2021. (*See* Docket Minute Entry for December 3, 2021.)

the validity of Black's conviction or his sentence. Moreover, Black's appointed counsel was present at the status conference. Accordingly, the Court concludes that Black has not provided sufficient justification for his request for the December 3, 2021 transcript.

Black's motion (ECF No. 372) is therefore **DENIED WITHOUT PREJUDICE.** Black is permitted to file a new motion requesting this transcript in which he explains the reasons for his request. If Black does so, the Court will consider that motion at that time.

**IT IS SO ORDERED.**

                                              s/Matthew F. Leitman
                                              MATTHEW F. LEITMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: March 31, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2022, by electronic means and/or ordinary mail.

                                              s/Holly A. Ryan
                                              Case Manager
                                              (313) 234-5126